## Charles Pryde, Appellee, v. Chicago-Sandoval Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Charles Pryde, plaintiff, against Chicago-Sandoval Coal Company, defendant, to recover damages for personal injuries. From a judgment for plaintiff for $3,000, defendant appeals.

NOLEMAN & SMITH, for appellant.

KAGY & VANDERVORT and WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

**1.** MINES AND MINERALS, § 158*—*what evidence is admissible to show notice to mine owner of danger to miner using passageway.* Where a miner, while passing along a passageway in a mine, was struck by a car which had become detached from a "trip" by striking the roof of the passageway, or from other cause, evidence that at this point in the passageway, on account of the low roof, large quantities of coal were from time to time raked off of the "trips" of loaded cars and that by reason of these obstructions and the fact that the track was lower there than at any other place along the passageway, and the further fact that the cars used were old and in a large part were without proper bumpers, or no bumpers at all, cars frequently became uncoupled from the "trip" and permitted to proceed unimpeded, was admissible to show notice of the danger on the part of the defendant.

**2.** MINES AND MINERALS, § 148*—*what does not constitute material variance in action for injuries to miner struck by car becoming detached from trip.* In an action for injuries to a miner who was struck by a car which had become detached from a "trip," a count charging that the track along the entry "was rough and uneven and contained abrupt depressions or swags therein, and in divers places along said entry was laid and constructed so close to the rib or side of said entry that cars in passing thereover would jolt or strike against said rib or sides of the entry," causing them to become uncoupled, is not materially variant from evidence that the cars struck or jolted, if at all, against the roof of the entry, where it was shown that the rib or side of the entry merged into the roof so gradually that it was hard to determine where the rib or side ended and the roof began.

**3.** APPEAL AND ERROR, § 1458*—*when variance is harmless error.* Variances which are not material are at most harmless error and not ground for reversal.

**4.** MINES AND MINERALS, § 182*—*when negligence of defendant in action for injuries to miner struck by car becoming detached from trip is question for jury.* In an action for injuries to a miner struck by a car which had become detached from a "trip" and had run unimpeded down the track, the negligence of the defendant was a question for the jury under evidence that miners were required to traverse this particular passageway, which was unlighted and obstructed, that owing to striking the roof or from other cause cars frequently became detached at this point, and that owing to the obstructions and the fact that the roof was low at the sides

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

miners were required to walk in the center of the track.

5. APPEAL AND ERROR, § 1560*—*when error in refusing to give instruction is harmless.* Error in refusing to instruct the jury to find defendant not guilty on one count of a declaration is harmless where there was evidence sufficient to support the verdict and judgment on other counts.

6. APPEAL AND ERROR, § 1711*—*what constitutes abandonment of error.* Failure to urge the exclusiveness of the verdict in appellant's brief and argument constitutes an abandonment.

MCBRIDE, J., took no part on the hearing or decision of said cause